PR OYO STY, J.
Plaintiffs inherited from their grandfather the undivided half of a tract of land with a sawmill on it, of which their grandmother owned the other undivided half. Their grandmother, acting for herself and as their tutrix, sold the property at private sale to defendants. This was in 1880; and defendants have been undisturbedly in possession ever since. This suit was brought in 1906. Its object is to annul the sale in so far as plaintiffs’ half is concerned, on the ground that:
*181 “The mortgage which of right plaintiffs had upon the undivided half of their grandmother was not and has never been protected, * * and no part of the consideration of said sale has ever been paid to plaintiffs.”
The grandmother’s bond as tutrix is in the record; hence the foregoing allegation must he understood to mean that this bond was never recorded, and that as a consequence the grandmother was not tutrix, since the recording of this bond was a condition precedent to her becoming such.
The courthouse of the parish where this property is situated was destroyed by fire, and with it all the records, except a few that were rescued in a more or less fragmentary condition. Had the records been preserved, we venture the assertion that this suit would
never have been brought. It is now impossible to know whether this tutrix’s bond was recorded or not; but the presumption of regularity which attaches to official acts supplies the missing record. And that presumption operates with peculiar force in a case like this, .where the question is mooted after a quarter of a century of quiet possession.
Plaintiffs, in their brief, make the further contention that the sale was made to pay debts; and hence is invalid because the sale of minor’s property to pay debts cannot be at private sale, but must be at public sale. Conceding, argumenti gratia, that plaintiffs can avail themselves of grounds not alleged in their petition, this ground is not supported by the evidence. The act of sale, in a partly burnt condition, was produced. It was passed before the clerk of court, who was the clerk and legal custodian of the records of the court in which the tutorship proceedings were pending. This officer recites in his act that the sale is made to effect a partition on the recommendation of a family meeting duly held before him, and the proceedings whereof were duly homologated by a judgment, of which he annexes a copy to his act. The copy of judgment thus said to be annexed was either never annexed, or has been lost, and the judgment itself and the proceedings it homologated cannot be produced. But it is simply inconceivable that that officer would have thus declared in his act that a family meeting had been held’ before himself, and that the proceedings had been homologated in the court of which he was the clerk, if such had not been the fact, or that he would have thus declared that he annexed the copy of a judgment of which he himself was the custodian if such a judgment had not in fact existed.
Judgment affirmed.